1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES SPARKS an individual;
TIFFANY SPARKS, an individual,

        Plaintiffs,

v.

AMERICAN HOME MORTGAGE
SERVICING, INC., et al.,

        Defendants.

2:10-CV-1014 JCM (LRL)

**ORDER**

      Presently before the court is plaintiffs James and Tiffany Sparks' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(a).  (Doc. #12).  Defendant American Home Mortgage Servicing, Inc. has filed an opposition (doc. #13) and plaintiffs have replied (doc. 14).

**Background**

      On July 1, 2010, defendant filed a motion to dismiss plaintiffs' claims for injunctive relief, breach of the implied covenant of good faith and fair dealing, and violation of the Real Estate Settlement Procedures Act. (Doc. #5).  Pursuant to stipulation, plaintiffs' response was not due until August 11, 2010.  (Doc. #9).

      On September 15, 2010, having received no response, this court granted the motion to dismiss pursuant to Local Rule 7-2 after considering the factors enunciated in *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  In granting the motion, the court stated: "IT IS HEREBY ORDERED,

**James C. Mahan**
**U.S. District Judge**

ADJUDGED, AND DECREED that this action is dismissed for failure of the plaintiff to file a timely response pursuant to Local Rule 7-2[d] and defendant American Home Mortgage Servicing, Inc.'s motion to dismiss (doc. #5) is GRANTED." (Doc. #10).  On September 16, 2010, the clerk of the court entered judgment in favor of the defendant and the case was dismissed.  (Doc. #11).  Exactly one year later, on September 15, 2011, plaintiffs filed the instant motion seeking relief from the judgment.

### Discussion

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  Rule 60(a) permits a court to "correct the record to indicate its original intent," however it is not the proper vehicle to correct a judgment to comport with a court's "substantive change of mind."  *See Barber for Cryztzer v. Cincinnati Bengals, Inc.*, No. 95-35416, 1996 WL 473731, *1 (9th Cir. Aug. 20, 1996).  The court has "very wide latitude" in correcting mistakes pursuant to Rule 60(a).  *See Woodworkers Tool Works v. Byrne*, 191 F.2d 667, 676 (9th Cir. 1951).

This court's language granting the motion to dismiss was intended to do just that, nothing more.  Defendant was entitled to only that relief which it sought:  dismissal of plaintiffs' claims for injunctive relief, breach of the implied covenant of good faith and fair dealing, and violation of the Real Estate Settlement Procedures Act.  Any other claims for relief contained in the complaint should have survived.  Accordingly, any language in this court's order dismissing the action as a whole, and the resulting judgment entered by the clerk of the court were mistakes.

This court has the power to correct such mistakes arising from oversights and omissions pursuant to Rule 60(a).  Despite plaintiffs' year-long failure to bring this error to the court's attention, justice requires that the court remedy the error and allow plaintiffs to proceed with their surviving claims.  Moreover, because this court is not correcting the record to reflect a substantive change of mind, but merely correcting the judgment to comport with this court's original intent, Rule 60(a) is the proper vehicle by which to effectuate the correction.  *See Barber*, 1996 WL at *1.

**James C. Mahan**
**U.S. District Judge**

1    Accordingly,

2         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiffs' motion to

3    correct judgment pursuant to Rule 60(a) (doc. #12) be, and the same hereby is, GRANTED.

4         IT IS FURTHER ORDERED that the clerk of the court reopen the case to allow plaintiffs

5    to proceed with their claim for breach of contract.

6         DATED October 20, 2011.

7

8    _____
     **UNITED STATES DISTRICT JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**